FILED'09 MAY 04 15:37 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WESLEY T. LEE, | ) | Civil no. 08-6132-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Drew L. Johnson
1700 Valley River Drive
Eugene, OR 97405

Linda S. Ziskin
3 Monroe Parkway, Suite P
PMB 323
Lake Oswego, OR 97035

 Attorneys for Plaintiff

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Leisa A. Wolf
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104

    Attorneys for Defendant

JONES, Judge:

    Claimant Wesley Lee seeks judicial review of a final decision of the Commissioner of

Social Security denying his applications for disability insurance benefits ("DIB") and

supplemental security income benefits ("SSI").

    This court has jurisdiction to review the Commissioner's decision pursuant to 42

U.S.C. §§ 405(g), 1383(c)(3).  Following a careful review of the record, the court concludes that

this action must be remanded to the Commissioner for an award of benefits.

## ADMINISTRATIVE HISTORY

    Claimant filed applications for DIB and SSI on August 23, 2005, alleging an inability to

work since January 18, 2004.  The applications were denied initially and on reconsideration.

    Claimant requested a hearing.  At the hearing before the Administrative Law Judge

("ALJ") on January 7, 2007, claimant, who was represented by counsel, appeared and testified, as

did a vocational expert ("VE").  On August 31, 2007, the ALJ issued a decision denying

claimant's applications.  The ALJ's decision became the final decision of the Commissioner on

February 27, 2008, when the Appeals Council declined review.

2 - OPINION AND ORDER

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

SUMMARY OF THE ALJ'S FINDINGS

The ALJ first noted that claimant's earlier application for DIB would not be reopened and was final and binding. The ALJ then specified that she would address the issue of claimant's disability beginning April 21, 2005, and found that claimant had sufficient quarters of coverage to remain insured for DIB through March 31, 2007.

The ALJ next employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ first found that claimant has not been engaged in substantial gainful activity since April 21, 2005.

Second, the ALJ found that claimant has severe impairments as follows: "a gastrointestinal disorder of uncertain etiology; and uneven lower extremity length with chronic back pain; depression; and marijuana abuse." Tr. 35 (citations omitted). The ALJ further found that claimant had other impairments (e.g., asthma controlled on medication, fatigue secondary to depression or marijuana abuse, hypertension controlled on medication, some hearing difficulty)

3 - OPINION AND ORDER

which were not severe but were taken into account in evaluating claimant's residual functional

capacity.  The ALJ then found that claimant's severe and non-severe impairments, either singly or

in combination, did not meet or medically equal any of the listed impairments in Appendix 1,

Subpart P, Regulation No. 4.  Tr. 36-37.

     In the next step of the evaluation, the ALJ determined that claimant retained the following

residual functional capacity:

> [T]o perform light work.  He can lift 20 pounds occasionally and 10 pounds
> frequently.  He can stand/walk for 6 hours in an 8-hour workday, and sit for 6
> hours in a workday.  He can occasionally stoop, crouch, crawl, and climb ladders,
> ropes and scaffolds.  He should have no public contact, but he can have brief,
> limited interactions with co-workers.  He needs access to a bathroom for up to 10
> minutes at a time during scheduled breaks, and would have less than 2 days
> absence per month due to exacerbations of his gastric symptoms.  He needs a
> sit/stand option at will, due to fatigue.

Tr. 37.  In making that determination, the ALJ found that claimant's impairments could

reasonably be expected to produce some symptoms, but that his statements concerning the

intensity, persistence, and limiting effects of the symptoms were not entirely credible.  Id.

     At step 4, based on the VE's testimony, the ALJ found that claimant could not perform his

past relevant work as a janitor, taxi driver, tractor-trailer driver, construction worker, or sales

clerk.  The ALJ noted that at the time of his alleged onset date, claimant was a "younger

individual age 18-49," had at least a high school education, and was able to communicate in

English.  Tr. 42 (citations omitted).  In finding claimant not disabled at step 5, the ALJ

explained:

> If [claimant] had the residual functional capacity to perform the full range of light
> work, a finding of "not disabled" would be directed by Medical-Vocational
> Rule 202.21.  However, [claimant's] ability to perform all or substantially all of
> the requirements of this level of work has been impeded by additional limitations.

4 - OPINION AND ORDER

To determine the extent to which these limitations erode the unskilled light occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with [claimant's] age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as touch up screener, printed circuit board * * * ; electronics worker * * * ; and assembler, production * * * .

Tr. 43 (citations and job statistics omitted).

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not,

therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

Claimant makes several arguments in favor of reversal of the Commissioner's decision,

but one key error requires remand and makes it unnecessary for me to reach the remainder of

claimant's arguments.

Claimant contends that the ALJ's finding at step 5, that he could perform other work in

the national economy, is erroneous because the ALJ's hypothetical question to the VE -- and

hence, the VE's answer -- incorporated an assumption not supported by substantial evidence.

Specifically, claimant challenges the ALJ's finding, contained in the hypothetical, that he "would

miss fewer than two days a month on average due to exacerbations of [his] intestinal disorder."

Tr. 652. The hearing transcript on this point is revealing:

[ALJ]  Okay, I'd like you to assume an individual of the claimant's age, education, and past relevant work. Assume the individual can lift 20 pounds occasionally and 10 pounds frequently; can sit, stand, and walk each for six hours for a combined total of those activities eight hours in an eight-hour day; can only occasionally climb ladders, ropes, or scaffolds; can only occasionally stoop or crouch or crawl; should have no public contact and only routine, brief co-worker interactions; and should have access to a bathroom throughout the course of the

5 - OPINION AND ORDER

workday not to, in other words, would need access to a bathroom between these scheduled breaks but not for an excessive period of time, not to exceed say 10 minutes at a time; and would miss fewer than two days a month on average due to exacerbations of intestinal disorder.  Bearing those limitations in mind, could such an individual perform any of the claimant's past work?

[VE]    No.

Q       Is there other work such an individual could perform?

A       Can I ask for a clarification?

Q       Sure.

A       I wrote down miss fewer than two days a month.

Q       On average.

A       On average, okay.

HA:     Less or at?

ALJ:    I'm sorry?

HA:     Did you say less?

BY ADMINISTRATIVE LAW JUDGE:

Q       On average.

A       A couple jobs for consideration [describes jobs].

Q       If in addition the individual –

A       I should say though –

Q       Excuse me.

A       [T]hat's predicated on that he wouldn't miss more than one day a month on a regular basis.

Q       Okay.

6 - OPINION AND ORDER

A    If he starts missing two days a month on a regular basis, then I would think these jobs would be, could be obtained but not, wouldn't retain them.

* * *

Q    And in speaking generally with respect to the tolerance of employers for absences, if the bathroom breaks, the additional bathroom breaks cumulatively totaled over the course of a month an extra day of absence, would that eliminate employment?  In other words, if there were in the course of a month eight hours total of additional bathroom time.

A    I think that would be primarily dependent on if he was otherwise a reasonably productive employee.  If he was, I think it's not unreasonable to think that many employers, I can't say all, would accept that.

Q    Okay, and –

A    End of statement.

* * *

Q    And I believe you already testified more than a day a month would eliminate employment [because] of absence?

A    If it became common, yes.

Tr. 651-54.

As the above colloquy plainly demonstrates, the decision whether this claimant is or is not disabled rests on whether he would be absent from work no more than one day per month. Further demonstrated by this colloquy is that the ALJ's question and, consequently, the VE's testimony, rests not on substantial evidence but on speculation.  The court has diligently searched the record and has found no evidence supporting either of the ALJ's formulations, i.e., that claimant would have "less than 2 days absence per month" and/or "miss fewer than two days a month on average."  Compare Tr. 37 and Tr. 652.  To the contrary, claimant testified that his gastrointestinal episodes of "bad cramps and bloody diarrhea" would occur once or twice in a

7 - OPINION AND ORDER

month, sometimes every three weeks, and that each episode would last from one to three days,

Tr. 629-31, testimony the ALJ evidently rejected but failed to explain why.  Further, as claimant

correctly points out, "on average" means sometimes less but also sometimes more than two days

per month, which the VE speculated might be acceptable to an employer "if [claimant] was

otherwise a reasonably productive employee."  Tr. 654.  That testimony falls short of meeting the

ALJ's burden with respect to the vocational findings.

　　　　Viewing the record as a whole, the court concludes that the Commissioner's finding that

claimant can perform other work in the national economy does not rest on substantial evidence

and must be reversed.

　　　　This brings me to the question of whether the appropriate remedy is remand for further

proceedings or for an immediate award of benefits. The Ninth Circuit has clarified that the

decision whether to remand for further proceedings or to award benefits ordinarily is within the

court's discretion.  See Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); see also Ramirez v.

Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993).  Remand for an award of benefits is appropriate

where the record is complete and no outstanding issues must be resolved before a proper

disability determination can be made.  In this case, the vocational evidence of record does not

support the ALJ's finding of "not disabled."   I see no purpose in remanding the case for the ALJ

to reconsider the number of days of absence per month this claimant might be expected to have

due to his intestinal problems.  Consequently, I agree with claimant that in this particular case,

remand for an award of benefits is appropriate and I exercise my discretion to do so.

8 - OPINION AND ORDER

CONCLUSION

The Commissioner's decision denying benefits is REVERSED and the case is

REMANDED to the Commissioner for an immediate award of benefits.  Any other pending

motions are denied as moot.

DATED this 4th day of May, 2009.

ROBERT E. JONES
U.S. District Judge