FILED'09 SEP 17 15:58USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WESLEY T. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-6132-JO |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Drew L. Johnson
DREW L. JOHNSON, P.C.
1700 Valley River Drive
Eugene, OR 97405

Linda S. Ziskin
ZISKIN LAW OFFICE
P. O. Box 2237
Lake Oswego, OR 97035

Attorneys for Plaintiff

Leisa A. Wolf
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA 98104

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Of Attorneys for United States of America

JONES, Judge:

    On May 4, 2009, this court entered an Opinion and Order reversing the Commissioner's decision to deny claimant Wesley Lee's application for disability insurance benefits and supplemental security income benefits and remanding the case for an immediate award of benefits. The case is now before the court on claimant's motion (# 22) for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 et seq. As explained below, claimant's motion is allowed in part and denied in part.

## DISCUSSION

    Claimant seeks an award of $8,988.20 in attorney fees for 52 hours of work performed in the district court. The Commissioner does not dispute that claimant was the prevailing party and is entitled to recover attorney fees. The Commissioner does, however, object to claimant's request, contending that the total hours claimed are excessive and not adequately explained.

    Specifically, the Commissioner objects that claimant's request includes 32.9 hours in block billing form, from November 19 through November 24, 2009, for work associated with preparation of the opening brief, and also includes tasks that are clerical in nature. The

2 - ORDER

Commissioner proposes that a range of 20-40 hours is more appropriate in this type of litigation and suggests a cap of 39.85 hours for this particular case.

After reviewing the file and the opinion of this court and in view of claimant's success in obtaining a reversal for an award of benefits, I find that claimant's hours overall are reasonable. I agree with the Commissioner, however, that a reduction is appropriate to address the issue of block billing and the inclusion of tasks that plainly are clerical in nature. Rather than parse through each entry, I will discount the total hours (52) by 10 percent. Taking into account that reduction, I find that claimant is entitled to recover fees for 46.8 hours. The parties agree that the appropriate hourly rate is $172.85; consequently, clamant is entitled to recover $8,089.38 in attorney fees.

## CONCLUSION

For the reasons stated above, claimant's motion (# 22) for an award of attorney fees is granted in part and denied in part, for a total award of $8,089.38.

IT IS SO ORDERED.

DATED this 17th day of September, 2009.

*/s/ Robert E. Jones*
ROBERT E. JONES
U.S. District Judge